UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VINNIE C., <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, <br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 21 CV 3174 <br><br> Magistrate Judge McShain |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Vinnie C. appeals the Commissioner of Social Security's decision denying her application for benefits. For the following reasons, plaintiff's motion to reverse or remand [24] is granted, defendant's motion for summary judgment [31] is denied, and the case is remanded for further administrative proceedings.[1]

**Background**

In October 2016, plaintiff applied for a period of disability and disability insurance benefits, alleging an onset date of August 27, 2016. [12-1] 13. Her application was denied initially, on reconsideration, and, following a hearing, in a January 16, 2019 decision issued by an administrative law judge (ALJ). *See* [*id.*] 13-25. Plaintiff appealed, and this Court granted the parties' agreed motion to remand. [12-2] 1218-19. The Appeals Council vacated the ALJ's decision and remanded for a new hearing and decision. [*Id.*] 1222-24. After that hearing, the ALJ issued a written decision on February 16, 2021 denying in relevant part plaintiff's application for benefits. Plaintiff has again appealed to this Court, and the Court has subject-matter jurisdiction under 42 U.S.C. § 405.[2]

The ALJ reviewed plaintiff's claim in accordance with the Social Security Administration's five-step sequential-evaluation process. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged onset

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings, except for citations to the administrative record [12, 23], which refer to the page numbers in the bottom right corner of each page.
[2] The parties have consented to the exercise of jurisdiction in this case by a United States Magistrate Judge. [6, 7].

date. [12-2] 1159. At step two, the ALJ determined that plaintiff had the following severe impairments: discoid lupus vs systemic lupus erythematosus, bipolar disorder, unspecified anxiety disorder, posttraumatic stress disorder, migraines, and posterior tendon dysfunction. [*Id.*]. At step three, the ALJ ruled that plaintiff's impairments did not meet or equal the severity of a listed impairment. [*Id.*] 1160-62. Before turning to step four, the ALJ found that plaintiff had the residual functional capacity (RFC) to perform light work, except that–as relevant here–plaintiff could have "only brief and superficial interaction with coworkers and supervisors." [*Id.*] 1162. At step four, the ALJ determined that plaintiff could not perform her past relevant work. [*Id.*] 1175. At step five, the ALJ found that jobs existed in significant numbers in the national economy that plaintiff could perform: hand bander (10,000 jobs nationally), marker (97,400 jobs nationally), and tier/meat tier (11,000 jobs nationally). [*Id.*] 1176. The ALJ accordingly found that plaintiff was not disabled.

## Legal Standard

The Court reviews the ALJ's decision deferentially to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "not a high threshold: it means only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Karr v. Saul*, 989 F.3d 508, 511 (7th Cir. 2021) (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019)). "When reviewing a disability decision for substantial evidence, we will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination so long as substantial evidence supports it." *Warnell v. O'Malley*, 97 F.4th 1050, 1052-53 (7th Cir. 2024) (internal quotation marks and brackets omitted).

## Discussion

Plaintiff argues that the ALJ did not account for the vocational expert's (VE) testimony about the amount of social interaction that was required during a training period for at least two of the three jobs identified by the VE. *See* [24] 6-7.

At the hearing, the ALJ asked the VE to consider whether jobs existed in the national economy for a hypothetical claimant with plaintiff's RFC, including the limitation to only brief, superficial interactions with coworkers and supervisors. *See* [23-1] 1569. The VE testified that such a claimant could perform three jobs: hand bander, marker, and tier. [*Id.*] 1570-71. Plaintiff's counsel then asked the VE whether such a claimant would be able to complete a training period for "these jobs" if the claimant were limited to brief, superficial interactions with coworkers during the training period, and the VE testified that such a claimant could not perform "these positions":

Q: So, as we all understand brief and superficial, two of these jobs are SVP 2 that require up to 30 days to learn. So, I would assume that there is going to be instruction, details about the job . . . All that sort of stuff. That's mor [*sic*] than superficial as I understand it.

A: Now –

Q: Would the person be – I'm sorry go ahead.

A: I'm sorry. Now the Tier, although it's an SVP 2, it has a reasoning level of 1, so it is going to be one to two-step tasks.

Q: No, I understand, but every job is going to require some level of training. If the person was only limited to that brief and superficial as we previously discussed it, including during the training period, would these jobs still exist?

A: I'm sorry, repeat – I'm sorry. Repeat that one more time for me.

\* \* \*

Q: No problem. Brief and superficial as we defined it: how is your grandma's cold, how was your kid's softball game, hi, how are you? If the person –

A: Uh-huh.

Q: – is limited to only that level of interaction with all individuals even during the training period, would they still be able to do these jobs?

A: No, they would not. Not –

Q: Okay.

A: – with these positions, no.

[23-1] 1575-76.[3]

---

[3] It is unclear whether plaintiff's counsel's reference to "these jobs," and the ALJ's reference to "these positions," meant all three jobs identified by the VE or only the two jobs (marker and tier) that are designated as Specified Vocational Level (SVP) 2 in the Dictionary of Occupational Titles (DOT). As explained below, even if the VE's testimony referred only to the two SVP Level 2 positions, a remand would still be required.

The ALJ did not ask the VE any follow-up questions relating to plaintiff's social-interaction limitations or her ability to complete a training period. In his written decision, the ALJ found that "the evidence shows that the claimant has moderate limitations in interacting with others," and the ALJ "accommodate[d] the claimant's report of difficulty in this area by limiting her to no contact with the public and only brief and superficial contact with others." [12-2] 1161. At step five, the ALJ relied on the VE's testimony to find that plaintiff could perform the jobs of hand bander, marker, and tier. [12-1] 1176. The ALJ did not mention the VE's testimony about interactions with coworkers and supervisors during a training period. *See* [*id.*] 1175-76.

The ALJ's failure to resolve the discrepancy between his finding that plaintiff could tolerate only brief, superficial interactions with coworkers and supervisors and the VE's testimony that such a limitation, if existing during a training period, would prevent a claimant from performing at least two of the jobs at issue undermined his step-five finding and requires a remand. Under the ALJ's RFC determination, plaintiff was capable of no more than brief and superficial interactions with coworkers and supervisors. *See Poole v. Kijakazi*, 28 F.4th 792, 794 (7th Cir. 2022) (claimant's RFC establishes "the maximum work that someone seeking benefits can sustain doing in light of their impairments"). In crafting the RFC, the ALJ did not distinguish between plaintiff's ability to perform these jobs successfully and her ability to complete the antecedent training period. *See* [12-2] 1175-76. Accordingly, there are two possible interpretations of plaintiff's RFC as far as her ability to complete a training period: Either plaintiff's social-interaction limitation would exist during the training period, in which case plaintiff could not perform at least two of the jobs at issue; or plaintiff's social-interaction limitation would not exist during a training period, a finding that the ALJ never actually made and that would be inconsistent (absent any explanation) with his decision that plaintiff's moderate limitations in interacting with others required that her dealings with coworkers and supervisors be limited. In either case, the ALJ's step-five finding would not be based on substantial evidence. *Accord Bernard L. v. Saul*, No. 19 CV 1223, 2020 WL 7027637, at *3 (N.D. Ill. Nov. 30, 2020) (remanding where ALJ found that plaintiff was limited to occasional interactions with supervisors and coworkers but ignored VE's testimony that claimant with that limitation could not perform a job with a 30-day training period); *Adam C. v. Saul*, No. 19-cv-23, 2019 WL 6130815, at *3 (N.D. Ill. Nov. 19, 2019) ("The ALJ found that Plaintiff could perform these jobs even though the training for those positions required him to perform beyond the limitations set by the ALJ in the Plaintiff's RFC. This is a logically inconsistent position and requires remand.").

The Commissioner's arguments to the contrary lack merit. First, the Commissioner contends that the ALJ was not "required to incorporate the hypothetical limitation posed by [plaintiff's] counsel" regarding a social-interaction limitation during a training period "into the RFC." [32] 3. As a general matter, the

4

Commissioner is correct: not every hypothetical posed to a VE must be accounted for by an ALJ, and not every limitation reflected in a hypothetical must be incorporated into his decision. *See Heather S. v. O'Malley*, No. 22 CV 1432, 2024 WL 2088178, at *4 (N.D. Ill. May 9, 2024). But an ALJ errs when he fails to "discuss VE testimony about a functional limitation that would have been work-preclusive" and "properly account for the evidence in the record relating to that limitation." *Jolene C. v. Saul*, No. 20 C 50219, 2021 WL 2156426, at *6 (N.D. Ill. May 27, 2021). That is exactly what happened in this case.

Second, the Commissioner contends that "the ALJ reasonably did not include" a training-period-related social restriction in the RFC because "'medical records reflect the ability to interact, adapt/manage and learn far in excess of the limitations alleged by Plaintiff.'" [32] 3 (quoting [12-2] 1272). It's true that the ALJ found that plaintiff was not as limited as she claimed, but he also found that her moderate limitations in interacting with others required that she have no more than brief, superficial interactions with coworkers and supervisors. Nowhere did the ALJ explain why–or whether–the same restriction was not required for training periods.

Third, the Commissioner argues that "'the additional interaction that may be required of plaintiff during the brief training period' does not exceed an RFC calling for limited interaction with others." [32] 4 (quoting *Jonathan Daniel G. v. Kijakazi*, No. 20 C 3160, 2022 WL 972407, at *2 (N.D. Ill. Mar. 31, 2022)). The Commissioner cites no evidence in the record to support this assertion, which is directly contrary to the VE's testimony that brief, superficial interactions with coworkers and supervisors were not feasible during training periods for "these positions." In addition, the undersigned has rejected the reasoning behind the cases on which *Jonathan Daniel G.* relied, and the undersigned continues to find that line of authority unpersuasive. *See Bernard L.*, 2020 WL 7027637, at *3-6; *see also Sczepanski v. Saul*, 946 F.3d 152, 158-59 (2d Cir. 2020) (the ability to complete a training period or "probationary period is . . . tantamount to the ability to keep a job, and as multiple circuits have recognized, the ability to keep a job is a necessary prerequisite to the ability to engage in substantial gainful activity"); *Walker v. O'Malley*, Civil Action No. 5:22-cv-72, 2024 WL 1354604, at *7 (N.D. Ohio Mar. 29, 2024) ("I conclude the learning period required by the three jobs identified by the VE is relevant to the disability determination and must be considered at step five. The VE testified that more than occasional interactions with supervisors would be required during the learning period, but the ALJ concluded Plaintiff could have no more than occasional interactions with supervisors. Therefore, the ALJ was required to explain how Plaintiff could successfully complete the learning period for these jobs with the limitations identified in Plaintiff's RFC.").

Finally, the Court rejects the Commissioner's harmless error argument. Two of the jobs identified by the VE–marker and tier–were SVP Level 2 positions, which have training periods that entail "[a]nything beyond short demonstration up to and

including 1 month." *See* DOT, App'x C § II. Specific Vocational Preparation, 1991 WL 688702 (4th ed. 1991). The third position–hand bander–was an SVP Level 1 position, which requires "short demonstration" only. *Id.*; *see* [12-2] 1176. The Commissioner appears to argue that, even if plaintiff's social-interaction limitation prevented her from completing the training period for the SVP Level 2 positions, it would not have prevented her from performing the SVP Level 1 position and its "short demonstration" training period. [32] 4.[4] The Commissioner notes that the VE testified that there were 10,000 hand bander positions in the national economy, and he cites to a Seventh Circuit decision for the proposition that "[a]s few as 174 jobs has been held to be significant, and it appears to be well-established that 1,000 jobs is a significant number." [*Id.*] (quoting *Liskowitz v. Astrue*, 559 F.3d 736, 743 (7th Cir. 2009)). But the Court is not "convinced that the ALJ will reach the same result" on remand. *Butler v. Kijakazi*, 4 F.4th 498, 504 (7th Cir. 2021). At step five, the ALJ found that a total of 118,400 jobs existed in the national economy that plaintiff could perform. [12-2] 1176. Had the ALJ concluded that plaintiff's social-interaction limitation precluded her from performing the marker and tier positions, that would eliminate 108,400 of those jobs and leave only the 10,000 hand bander positions. *Liskowitz* does not support the Commissioner's argument that 10,000 jobs in the national economy is a "significant" number of jobs because *Liskowitz* relied on cases that "discussed numbers of jobs in the regional rather than the national economy." *Milhelm v. Kijakazi*, 52 F.4th 688, 696 (7th Cir. 2022); *see also id.* at 695 (citing *Liskowitz* and acknowledging that "our case law addressing what constitutes a 'significant' number of jobs has sometimes conflated" "regional versus national numbers of jobs"). The Commissioner has not cited any case in which 10,000 jobs was found to be a significant number of jobs, and the Court has not found any controlling decision from the Seventh Circuit holding that 10,000 jobs in the national economy is a significant number for purposes of an ALJ's step-five finding. *Compare James A. v. Saul*, 471 F. Supp. 3d 856, 860 (N.D. Ind. 2020) ("To the Court's knowledge, 14,500 is far below any national number of jobs that the Seventh Circuit Court of Appeals has determined to be significant."); *see also Gedatus v. Saul*, 994 F.3d 893, 898 (7th Cir. 2021) (Commissioner has burden of proof at step five). For these reasons, the Commissioner has not demonstrated that the ALJ's error was harmless.

---

[4] The Court emphasizes that the VE did not testify that a claimant who could tolerate only brief, superficial interactions with coworkers and supervisors, including during a training period, could work as a hand bander because that job required only a "short demonstration" of work tasks. The Court assumes, *arguendo*, that plaintiff could work as a hand bander despite her social-interaction limitation and rejects the Commissioner's harmless error argument for the reasons given above.

6

**Conclusion**

Plaintiff's motion to reverse or remand [24] is granted and defendant's motion for summary judgment [31] is denied. The decision of the Social Security Administration is reversed, and, in accordance with the fourth sentence of 42 U.S.C. § 405(g), this case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: September 19, 2024**